UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-6613-HUNT

UNITED STATES OF AMERICA

v.

FORREST KENDALL PEMBERTON,

 Defendant.
_____/

FILED BY R.P.B. D.C.
Dec 28, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

 Respectfully submitted,

 MARKENZY LAPOINTE
 UNITED STATES ATTORNEY

 By: /s/ Maria K. Medetis
 MARIA K. MEDETIS
 Assistant United States Attorney
 Florida Bar No. 1012329
 99 N.E. 4th Street
 Miami, Florida 33132
 Tel:  (305) 961-9020
 Email:  maria.medetis@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Forrest Kendall Pemberton,<br><br>*Defendant(s)* | Case No.  24-MJ-6613-HUNT |

FILED BY __R.P.B.__ D.C.
**Dec 28, 2024**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __Dec. 22, 2024 to Dec. 25, 2024__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2261A(2)(B) | Stalking – that is, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Taylor Nicklin, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.  by FaceTime

Date:  12/28/2024

*Judge's signature*

City and state:  Fort Lauderdale, Florida         Honorable Patrick M. Hunt, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Taylor Nicklin, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Miami Field Office. In my duties as a Special Agent I investigate domestic terrorism matters. As a Special Agent, I am authorized by law and/or by the FBI to engage in or supervise the prevention, detention, investigation, and prosecution of violations of Federal criminal laws.

2. I make this statement in support of a criminal complaint charging Forrest Kendall Pemberton ("PEMBERTON") with stalking, in violation of Title 18, United States Code, Section 2261A(2)(B). Specifically, from on or about December 22, 2024, through on or about December 25, 2024, PEMBERTON, with the intent to kill, injure, harass, intimidate or place under surveillance, used the internet and cellular telephones to engage in a course of that would be reasonably expected to cause substantial emotional distress to a person, to include traveling from Gainesville, Florida to Plantation, Florida, in the Southern District of Florida, with the intent to use firearms to harm individuals located at an organization located in Plantation, Florida (hereinafter "Victim 1").

3. The facts in the affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

1

## STATUTORY AUTHORITY

4.      Title 18, United States Code, Section 2261A(2)(B) makes it a crime to, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person.

## PROBABLE CAUSE

5.      On or about December 23, 2024, the father of an individual identified as PEMBERTON contacted law enforcement to report that PEMBERTON was missing from home. The father further reported that PEMBERTON was believed to have left the family home in the middle of the night by unknown means. Family members found a letter believed to be written by PEMBERTON in PEMBERTON's room. The letter espoused anti-authority sentiments, stating PEMBERTON wanted to "close the loop," "stoke the flames," and say "goodbye" to his family. Family reported to law enforcement that missing from PEMBERTON's bedroom and believed to be in his possession were one AR-15 rifle in a soft case, a 9mm Luger pistol, one Galil rifle, and a personal laptop computer.

6.      PEMBERTON's family members independently accessed and reviewed PEMBERTON's desktop computer, which, according to his family, PEMBERTON uses exclusively. PEMBERTON's family informed law enforcement that they found on PEMBERTON's computer several online search engine and Google Maps[1] queries. The queries were for various entities and their respective physical addresses, including Victim 1, the Internal

---

[1] Google.com has data servers in various locations, not including the state of Florida.

Revenue Service (IRS) Taxpayer Assistance Center, IRS Appeals and Chief Counsel Office, and a physical address on South Pine Island Road in Plantation, Florida. This address is adjacent to the IRS Appeals and Chief Counsel Office. Notably, Victim 1 is an organization with a location in Plantation, Florida that, according to its website, advocates and lobbies for "pro-Israel policies that strengthen and expand the U.S.-Israel relationship…" PEMBERTON's computer search history revealed that PEMBERTON visited the website of Victim 1, including the "About Us" and "Work at [Victim1]" sections of the website. Also identified on the desktop computer were conversations discovered on U.S.-based social media website ("COMPANY 1"). PEMBERTON's username on COMPANY 1's website is "tacolite". PEMBERTON was speaking with another user about delivering a package via a concealed means. Law enforcement later determined the discussion was about the delivery of a firearm. Additionally, PEMBERTON's search history revealed a search for a ride sharing application.

7. On or about December 23, 2024, a member of PEMBERTON's family provided a screenshot of four (4) ATM withdrawals made by PEMBERTON from ATMs located in Plantation, Florida. Two ATM withdrawals occurred at "ATM 1799 N UNIVE PLANTATION FL CARD 2851" and two ATM withdrawals occurred at "ATM 1802 UNIVERS PLANTATION FL CARD 2851". Further investigation revealed that these ATMs are located within approximately one mile of Victim 1's former Plantation, Florida office.

8. On or about December 23, 2024, screenshots and a video provided by a member of PEMBERTON's family revealed PEMBERTON searched Google Maps for a physical address on Pine Island Road in Plantation, Florida which the investigation revealed is the former office

address for Victim 1.² PEMBERTON further queried a direct route from his home address to Victim 1's former address.

9. On or about December 24, 2024, records provided by COMPANY 1 for PREMBERTON's username included Internet Protocol (IP) addresses for PEMBERTON's username. Open-source analysis of these IP address sessions resolved back to a U.S.-based hotel company ("COMPANY 2"), located in Plantation, Florida. This hotel is located within two miles of Victim 1's former office address which PEMBERTON had searched on his computer.

10. The investigation revealed that PEMBERTON checked in to COMPANY 2 on or about December 22, 2024, and checked out on or about December 23, 2024. Hotel video surveillance recordings captured PEMBERTON and PEMBERTON's vehicle, a Ford F-150.

11. On or about December 24, 2024, telephone geo-location data and ride-sharing application data indicated PEMBERTON's location was at another U.S.-based hotel company ("COMPANY 3") in Tallahassee, Florida. On or about December 25, 2024, law enforcement conducted physical surveillance of PEMBERTON at COMPANY 3 and observed PEMBERTON entering a ride-share vehicle with an apparent soft rifle case. Law enforcement conducted a stop of the vehicle which law enforcement observed PEMBERTON enter while armed. During that encounter, PEMBERTON turned over three firearms to law enforcement. Those firearms included the AR15 rifle, the Galil rifle, and the Luger pistol, as well as ammunition for the AR 15 Rifle and the Luger pistol.

12. On or about December 26, 2024, law enforcement conducted a non-custodial interview of PEMBERTON. During the interview, which was video recorded, PEMBERTON

---

² The investigation revealed that Victim 1 is currently located at a different address in Plantation, Florida, but that Google still associates Victim 1 to the former address.

stated that he walked from Gainesville, Florida to Ocala, Florida and purchased a Ford F-150 for $400 in Ocala. PEMBERTON admitted taking a trip to Victim 1's former location in Plantation, Florida, which he believed to be the current location– the same address on Pine Island Road that he had searched for on Google Maps – under the guise of "volunteership". According to PEMBERTON, he visited Victim 1's office, unarmed, to "scout" the location, with the intent to confirm access to Victim 1's office and return to the location with the firearms concealed. When asked if PEMBERTON would commit a mass casualty event and then take his own life, PEMBERTON stated, "Um, I really don't know if I was gonna end it with my life or not. I hadn't gotten that far yet. It entirely depended if I ended up getting caught or not. If caught, that was a way out." Regarding the firearms in his possession, PEMBERTON stated, "I had firearms with me"; "the purpose of them was twofold"; " Like I said before, sell 'em if I need 'em, but otherwise they can be used for criminal intent if I wanted to, which was my intention, such as harming another individual." According to PEMBERTON, he chose Victim 1 because of its "political influence" and its relative location. PEMBERTON stated his motivation for taking this action was frustration with the "status quo" and "see[ing] if I could make a change." PEMBERTON further stated that while he considered committing criminal action against Victim 1 members, he ultimately decided against it. PEMBERTON added "it would have been a one-way ticket, in Plantation, I decided I wasn't ready. I gave up."

13. Regarding the desktop in PEMBERTON's bedroom, on which the previously described Internet searches were located, PEMBERTON admitted that he is the exclusive user of that computer.

14. PEMBERTON confirmed that the above-described letter found by his family in his bedroom was a "goodbye" letter. PEMBERTON noted that along with the firearms, he brought

with him four loaded magazines of ammunition for the AR15 rifle and four loaded magazines of ammunition for the Luger pistol.

15. PEMBERTON also confirmed that his conversation on Company 1's website involved the delivery of a firearm that PEMBERTON views as an heirloom and that was unrelated to his plans for violence in Plantation, Florida.

16. Based on the investigation and PEMBERTON's statements, your affiant submits that there is probable cause to believe that PEMBERTON used the internet to identify and locate Victim 1 and other possible victims, and traveled to Plantation, Florida, armed to Victim 1's location, with the purpose of killing, injuring, harassing and intimidating persons within Victim 1's location.

## CONCLUSION

17. Based on the foregoing, I submit that there is probable cause for a criminal complaint charging Forrest Kendall PEMBERTON with committing a violation of Title 18, United States Code, Section 2261A(2)(B), that is, stalking.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Taylor Nicklin
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim P. 4.1 by FaceTime this 28 day of December 2024.

_____
HONORABLE PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

6