UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **25-CR-60040-SINGHAL/STRAUSS**

18 U.S.C. § 2261A(1)(B)
26 U.S.C. § 5861(d)
21 U.S.C. § 853
26 U.S.C. § 5872

UNITED STATES OF AMERICA

v.

FORREST KENDALL PEMBERTON,

Defendant.
_____/

FILED BY **BM** D.C.

**Feb 20, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Stalking
### 18 U.S.C. § 2261A(1)(B)

Beginning in or around December 22, 2024, the exact date being unknown to the Grand Jury, and continuing through on or about December 23, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**FORREST KENDALL PEMBERTON**

did travel in interstate and foreign commerce and enter and leave Indian Country, with the intent to kill, injure, harass and intimidate and place under surveillance with the intent to kill, injure, harass, and intimidate another person, Victim 1, and in the course of, and as a result of, such travel engaged in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1, in violation of Title 18, United States Code,

Section 2261A(1)(B).

## COUNT 2
## Possession of a Short-Barreled Rifle
## 26 U.S.C. § 5861(d)

On or about December 23, 2024, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**FORREST KENDALL PEMBERTON**

did knowingly possess a firearm as defined in Title 26, United States Code, Section 5845(a), which was not registered to him in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

It is further alleged that the firearm is one (1) AR-15 style rifle, Model BRN-180M, serial number 180M-01332, a weapon made from a rifle having, as modified, a barrel of less than 16 inches in length.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **FORREST KENDALL PEMBERTON,** has an interest.

2. Upon conviction of a violation of Title 26, United States Code, Section 5861(d), as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 26, United States Code, Section 5872, any firearm involved in or used in the commission of such violation.

3. Upon conviction of a violation of any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to

Title 18, United States Code, Section 924(d)(1), any firearm involved in or used in the commission of such violation.

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 26, United States Code Section 5872, both of which are made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** FORREST KENDALL PEMBERTON

**Case No:** _____

Count #: 1

Stalking
Title 18, United States Code, Section 2261A(1)(B)

* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 2

Possession of a Short-Barreled Rifle

Title 26, United States Code, Section 5861(d)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $10,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-60040-SINGHAL/STRAUSS

v.

FORREST KENDALL PEMBERTON,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [ ] Miami
- [x] FTL
- [ ] Key West
- [ ] WPB
- [ ] FTP

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Patrick M. Hunt   Magistrate Case No. 24-mj-6613-Hunt
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of December 28, 2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _/s/ Abbie D. Waxman_
ABBIE D. WAXMAN
Assistant United States Attorney
FL Bar No.   109315