**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60040-SINGHAL(s)**
18 U.S.C. § 249(a)(1)(B)(ii)
18 U.S.C. § 924(c)(1)
26 U.S.C. § 5861(d)
18 U.S.C. § 924(d)(1)
26 U.S.C. § 5872

**UNITED STATES OF AMERICA**

vs.

**FORREST KENDALL PEMBERTON,**

**Defendant.**

_____/

FILED BY_____BM_____D.C.

**Jun 18, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Attempted Hate Crime**
**18 U.S.C. § 249(a)(1)(B)(ii)**

Beginning on or about December 22, 2024, and continuing through on or about December 23, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**FORREST KENDALL PEMBERTON,**

through the use of a firearm and dangerous weapon, willfully attempted to cause bodily injury to employees of Organization 1, a non-profit organization dedicated to lobbying the United States government in support of Israel, because of the actual and perceived race and religion of any person.

The offense included an attempt to kill.

All in violation of Title 18, United States Code, Section 249(a)(1)(B)(ii).

## COUNT 2
### Using and Carrying a Firearm During a Crime of Violence
### 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(i) and (i)(i)

Beginning on or about December 22, 2024, and continuing through on or about December 23, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**FORREST KENDALL PEMBERTON,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, that is, an AR-15 style rifle, Model BRN-180M, bearing serial number 180M-01332, an offense for which he may be prosecuted in a court of the United States, that is, the attempted hate crime charged in Count 1 of this Superseding Indictment.

The firearm possessed by the defendant was a short-barreled rifle, that is, a weapon made from a rifle having, as modified, a barrel of less than 16 inches in length; and equipped with a firearm silencer.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(i) and (ii).

## COUNT 3
### Possession of a Short-Barreled Rifle
### 26 U.S.C. § 5861(d)

On or about December 23, 2024, in Broward County, in the Southern District of Florida and elsewhere, the defendant,

**FORREST KENDALL PEMBERTON,**

did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845(a), which was not registered to him in the National Firearms Registration and Transfer Record as

2

required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

The firearm possessed by the defendant was one (1) AR-15 style rifle, Model BRN-180M, serial number 180M-01332, a weapon made from a rifle having, as modified, a barrel of less than 16 inches in length.

All in violation of Title 26, United States Code, Section 5861(d).

## FORFEITURE ALLEGATIONS

1.     The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **FORREST KENDALL PEMBERTON**, has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 924(c), or any other criminal law of the United States, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3.     Upon conviction of a violation of Title 26, United States Code, Section 5861(d), as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any firearm involved in or used in the commission of such violation, pursuant to Title 26, United States Code, Section 5872.

(Intentionally left blank)

All pursuant to Title 18, United States Code, Section 924(d)(1), and Title 26, United States Code, Section 5872, and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

CHRISTOPHER J. PERRAS
SPECIAL LITIGATION COUNSEL
MANPREET K. UPPAL-GUPTA
TRIAL ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. 25-CR-60040-SINGHAL(s)

v.

FORREST KENDALL PEMBERTON

_____ /

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

New Defendant(s) (Yes or No) __No__
Number of New Defendants _____

**Court Division** (select one)

☐ Miami   ☐ Key West   ☐ FTP
☒ FTL   ☐ WPB

Total Number of New Counts __2__

I do hereby certify that:

1.  I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) __No__
    List language and/or dialect:_____

4.  This case will take_____days for the parties to try.
5.  Please check appropriate category and type of offense listed below:
    **(Check only one)**          **(Check only one)**
    I    ☐  0 to  5 days          ☐ Petty
    II   ☒  6 to 10 days          ☐ Minor
    III  ☐ 11 to 20 days          ☐ Misdemeanor
    IV   ☐ 21 to 60 days          ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) __Yes__
    If yes, Judge Raag Singhal_____ Case No.25-CR-60040-SINGHAL_____
7.  Has a complaint been filed in this matter? (Yes or No) __Yes__
    If yes, Judge Patrick M. Hunt_____ Magistrate Case No.24-mj-6613-Hunt_____
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
    If yes, Judge _____ Case No._____
9.  Defendant(s) in federal custody as of December 28, 2024_____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____District of _____
12. Is this a potential death penalty case? (Yes or No) __No__
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? __No__
17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? __No__

By:_____
ABBIE D. WAXMAN
Assistant United States Attorney
FL Bar No.                    109315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  **FORREST KENDALL PEMBERTON**

**Case No**:    **25-CR-60040-SINGHAL(s)**

Count #: 1

Hate Crime

Title 18, United States Code, Section 249

**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Count #:2

Using and Carrying a Firearm During a Crime of Violence

Title 18, United States Code, Section 924(c)
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): 30 (silencer), 10 (short-barreled rifle), 5 (possession)**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 3

Possession of a Short-Barreled Rifle

Title 26, United States Code, Section 5861(d)
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $10,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**